887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. EUBANK, Plaintiff-Appellant,
v.
Calvin CRAWFORD; Norris W. McMackin, Supt.; Richard P.
Seiter; John F. Kinkela; Anita Reese,
Defendants-Appellees.
 No. 89-3151.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James R. Eubank appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983 as barred under Ohio's one-year statute of limitations. Eubank alleged that the defendant prison guard retaliated against him in response to taunts for which Eubank alleged he is not responsible. Eubank alleged that the retaliation began on July 31, 1986 and included the filing of false disciplinary charges against him. The complaint contained Eubank's certification that he mailed his complaint to the district court for filing on July 28, 1988.
 
 
 4
 In concluding that plaintiff's action was barred under the one-year statute of limitations applicable to Ohio Sec. 1983 actions, the district court relied upon this court's decision in Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986). However, Mulligan was overruled by our decision in Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc) (two-year statute of limitations governs Ohio Sec. 1983 actions). Defendants concede that the two-year limitations period is applicable to plaintiff's complaint.
 
 
 5
 We conclude that plaintiff's complaint is timely. The complaint should be deemed filed when plaintiff mailed it within two years of the accrual of his claim. See Houston v. Lack, 108 S.Ct. 2379, 2382 (1988). Furthermore, Ohio law provides for tolling of the statutory period where, as here, plaintiff's claim accrues during incarceration. See Austin v. Brammer, 555 F.2d 142, 143 (6th Cir.1977) (per curiam). Such tolling is applicable to Sec. 1983 actions. Hardin v. Straub, 109 S.Ct. 1998 (1989).
 
 
 6
 Accordingly, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation