George REDD, Plaintiff,

v.

A.C. GILLESS, et al., Defendants.

No. 94–2326–M1/Bro.

United States District Court,
W.D. Tennessee,
Western Division.

June 29, 1994.

George Redd, pro se.

## ORDER OF PARTIAL DISMISSAL ORDER TO FILE AFFIDAVIT AND ORDER TO ISSUE SERVICE FOR REMAINING DEFENDANTS

McCALLA, District Judge.

Plaintiff, George Redd, an inmate at the Shelby County Correctional Center, (SCCC), who was formerly confined at the Shelby County Criminal Justice Complex (Jail), has filed a complaint under 42 U.S.C. § 1983.

Redd sues Shelby County Sheriff, A.C. Gilless; Ray Mills; captain E.M. Bonham; lieutenant J. Carradine; sergeants E. Story, A. Stokes, and Joe Smith; counselor Bonnie Ceazor; officers Douglas Davis; and an unidentified member of the jail medical staff. Redd alleges that on April 13, 1993, other inmates attacked him after Smith refused to transfer him to a different cell pod, despite knowing on April 12 that he was being threatened. It is further alleged that Story, Carradine, Bonham,[1] and Davis witnessed the attack and saw Redd fighting back, but did not intervene to stop the fight. It is alleged that when the fight was over, Davis pulled Redd out of the pod and hit and kicked him and that unspecified officers then transported Redd to the jail's clinic, where an unidentified member of the medical staff

examined Redd and directed that he be immediately transferred to the hospital. Despite this, it is alleged that an unidentified officer first placed Redd in a cell for another fifteen minutes, had him examined by another medical-staff member, took an unspecified number of photographs, and left him an uncertain period of time. Redd was then transported to the hospital, where he was treated and admitted for four days.

Upon his return from the hospital, Davis and Story charged Redd with a jail disciplinary offense of creating a disturbance, fighting, and assault. Sergeant Stokes, acting as hearing officer, found him guilty of fighting and creating a disturbance, but not guilty of assault, and confined him to punitive segregation for thirty days. Although it is unclear which, if any, of the defendants had authority over cell assignments of inmates in punitive isolation, plaintiff was confined with the same inmates who attacked him. His appeal of the disciplinary conviction was denied by Bonham.

■■■■ The Eighth Amendment prohibits cruel and unusual punishment. *See generally Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The Eighth Amendment proscription on cruel and unusual punishment encompasses an inmate's right to personal safety. *Stewart v. Love,* 696 F.2d 43, 44 (6th Cir.1982). A prison official violates this right if he displays deliberate indifference to the inmate's personal safety. *Knight v. Gill,* 999 F.2d 1020, 1022 (6th Cir.1993); *Nelson v. Overberg,* 999 F.2d 162, 165 (6th Cir.1993); *Marsh v. Arn,* 937 F.2d 1056, 1060 (6th Cir.1991); *Walker v. Norris,* 917 F.2d 1449, 1454 (6th Cir.1990); *Roland v. Johnson,* 856 F.2d 764, 769 (6th Cir.1988); *McGhee v. Foltz,* 852 F.2d 876, 881 (6th Cir.1988); *Stewart,* 696 F.2d at 44. A prison official displays deliberate indifference when "he causes unnecessary and wanton infliction of pain on the [inmate] by deliberately disregarding a serious threat to the [inmate]'s safety after actually becoming aware of that threat." *Walker,* 917 F.2d at 1454. The

---

1. This defendant is also referred to as Captain Bohner. Obviously, plaintiff must identify the proper name and spelling of each defendant, and must inform the court by filing an erratum correcting any clerical errors or spelling mistakes.

Supreme Court has recently reaffirmed the above case law, holding that to make out an Eighth Amendment violation an "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).

■ In addition to alleging the objective component of the Eighth Amendment test, (in this context, the seriousness of the risk), the plaintiff must also allege and prove the subjective component, the intent of the prison official. *See, e.g., Farmer*, —— U.S. at ——, 114 S.Ct. at 1977–78; *Wilson*, 501 U.S. at 298–301, 111 S.Ct. at 2324–25; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir.1992). In *Farmer*, the Supreme Court clarified that deliberate indifference requires that the inmate prove that an officer "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

■ In this case, there is no allegation whatsoever that either Gilless or Mills knew anything whatsoever about this attack. There is no *respondeat superior* liability under section 1983. *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984) (liability under section 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally under *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that plaintiff relies entirely on the supervisory capacity of defendants Gilless and Mills as the basis for his claims that they violated his rights. Accordingly, the claims against Gilless and Mills lack an arguable basis either in law or in fact, and are therefore frivolous. *See Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

As the claims against Gilless and Mills are frivolous, they are DISMISSED pursuant to 28 U.S.C. § 1915(d).

■ Insofar as plaintiff alleges that he was improperly convicted of a disciplinary offense and confined to punitive segregation, he does not allege that jail regulations create a liberty interest in his remaining in the jail's general population. As made clear by *Wolff v. McDonnell*, 418 U.S. 539, 564–71, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974), and its progeny, there is no general federal constitutional right to be housed in a particular part of a jail. *See also Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Nor is there a right to a particular security classification. *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir.1992); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986). Apart from a state-created liberty interest, therefore, plaintiff's due process rights were not violated by confinement to punitive segregation. Therefore this due process claim lacks an arguable basis either in law or in fact, and is frivolous. *See Denton*, —— U.S. at ——, 112 S.Ct. at 1733; *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831–32.

As the due process claim is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(d).

■ Plaintiff does, however, have an Eighth Amendment claim for cruel and unusual punishment through confinement with the same inmates who had already attacked and harmed him, if he can show a serious risk that they would again attack him. *Cf. Helling v. McKinney*, —— U.S. ——, ——, 113 S.Ct. 2475, 2481–82, 125 L.Ed.2d 22, 33 (1993) (Eighth Amendment claim does not require present harm, but may be based on unreasonable risk of damage to future health).

■ Finally, plaintiff's complaint was not received at the court until April 28, 1994. It was signed on April 11, 1994. On April 14, 1994, the court received a letter that it con-

strues as a motion, requesting an extension to file his complaint. The letter, which is dated April 12, 1994, alleges that the plaintiff's sister was to file the complaint but had been holding his documents for some six months while she was out of the city, preventing him from submitting them until she returned them on April 12. As the complaint is signed on April 11, the day before the letter, it is unclear to what documents the plaintiff is referring. It is also unclear who mailed the complaint or how it was transmitted to the court. The complaint was received on April 28, in an envelope postmarked April 26, 1994, and bearing the return address of Henry Baker, an SCCC inmate who has filed a number of frivolous lawsuits.

■■■■ The time limit for filing a section 1983 action is not set by this court, but is determined by statute. *See* Tenn.Code Ann. § 28–3–104 (1988), setting a one-year statute of limitations in Tennessee for violations of section 1983. *See, e.g., Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Berndt v. State of Tennessee,* 796 F.2d 879 (6th Cir.1986). This court cannot extend the statute of limitations on a party's motion, although the statute may be tolled for various reasons. Clearly, the clerk's mere receipt of the complaint tolls the statute, even though an actual filing order was not entered until later. *In re Toler,* 999 F.2d 140 (6th Cir.1993). What is unclear is whether the statute is tolled from the time an inmate presents the complaint to the prison mail system to be mailed to the court. *Cf. Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (prisoner's notice of appeal filed as of moment delivered to prison authorities for mailing); *United States v. Christoph,* 904 F.2d 1036 (6th Cir.1990) (following *Houston* ); *Eubank v. Crawford,* No. 89–3151, 1989 WL 123260 (6th Cir. Oct. 18, 1989) (prisoner's complaint deemed filed when mailed). *Cf. also* Fed.R.App.Proc. 4(c).[2] This rule only holds, however, if the inmate actually places the complaint in the prison mail system. If he, however, gives it to an inmate law clerk

or a relative or anyone other than a prison official or someone acting on behalf of a prison official, to be placed in the mail, he does not have the benefit of this generous rule.

■■ Furthermore, as a plaintiff can proceed only through his counsel or by representing himself, 28 U.S.C. 1654, plaintiff cannot excuse his failure by pointing to the failure to act of third-parties.

Accordingly, plaintiff is ORDERED to file with the court an affidavit, executed under 28 U.S.C. § 1746, stating when and how he had the complaint herein delivered to the United States Postal Service for mailing. If his claims will depend on tolling the statute of limitations, plaintiff must then submit an amended complaint alleging the facts that support his claim that the statute should be tolled. This affidavit shall be filed within twenty (20) days of the entry of this order.

It is **ORDERED** that the clerk shall issue process for all remaining defendants and deliver said process to the marshal for service.

Service shall be made on all remaining defendants either by mail pursuant to Rule 4(e)(1) and Tenn.R.Civ.P. 4.03 and 4.04(12) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further **ORDERED** that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on the defendant if he has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall promptly notify the clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.

IT IS SO ORDERED.

---

2. The Rule provides, in pertinent part:
    If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing.