CHRISTOPHER M. HAWKINS,  )
et al,                   )
                         )
        Plaintiffs/Appellants,  )         Appeal No.
                         )         01-A-01-9803-CH-00164
v.                       )
                         )         Davidson Chancery
DON SUNDQUIST, Governor, )         No. 97-3371-II
et al,                   )
                         )
        Defendants/Appellees.    )

**FILED**

**January 21, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE CAROL L. McCOY, CHANCELLOR


HENRY A. WILLIAMS, Pro Se
#117522  H.C.C.F.  POB 549
CHRISTOPHER M. HAWKINS, Pro Se
#232697  N.W.C.C.  POB 660
Route One (1)
Tiptonville, Tennessee  38079


JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL MOORE
Solicitor General

PAMELA S. LORCH
Assistant Attorney General
Civil Rights and Claims Division
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee  37243-0488
        ATTORNEYS FOR DEFENDANTS/APPELLEES


AFFIRMED AND REMANDED

                        WILLIAM B. CAIN, JUDGE
# OPINION

This is a complaint alleging violation of 42 U.S.C. section 1983. Plaintiffs/appellants are pro se and the pleadings are very difficult to comprehend as voluminous hand written documents are submitted in support of the complaint which are general and conclusory with limited and elusive factual assertions.

These two inmates were formerly housed at Northeast Correctional Complex in Mountain City, Tennessee. While so incarcerated they allege that they were disciplined and punished in derogation of Tennessee Department of Corrections policies, and no specific allegations were made against various defendants, including the Governor. They have since been transferred and at the time of these proceedings in the trial court, inmate Hawkins was assigned to the Turney Center Industrial Prison and Farm and inmate Williams resided at Hardiman County Correctional Facility.

Defendants filed a combined Rule 12 motion accompanied by an affidavit which was treated as a motion for summary judgment.

The trial court held:

> On October 9, 1997, Plaintiffs Christopher M. Hawkins and Henry A. Williams filed a petition styled "Requesting the Court to Issue an Order for a Temporary Restraining Order and an Order to Show Cause for Preliminary Injunction.
> A review of the numerous pleadings and exhibits filed by Plaintiffs reveals that Plaintiffs originally sought the following relief:
> 1) appointment of counsel; and
> 2) restraining order and injunction prohibiting Defendants from transferring Plaintiffs from the Northeast Correctional Complex; and
> 3) restraining order and injunction prohibiting Defendants from unlawfully punishing and harassing Plaintiffs for complaining about the conditions of their confinement; and
> 4) hearing regarding the reasons that Plaintiffs were placed on lockdown without any due process hearing.
> On December 31, 1997 the Court denied Plaintiffs' request for a temporary restraining order and show cause hearing.
> This case is before the Court on *pro se* Plaintiffs' Motion for Appointment of Counsel. There is no absolute right to counsel in a civil action. U.S. Constitution, Amendment VI; Tenn. Constitution, Article I, §9; *Barish v.*

> *Metropolitan Government*, 627 S.W.2d 953, 955 (Tenn.App. 1981). The Plaintiffs' request for counsel is denied.
>
> Presently before the Court is Defendants' Motion to Dismiss and/or for Summary Judgment. Because the Court is considering an affidavit submitted by Defendants in support of this motion, it will be reviewed as a summary judgment motion.
>
> As stated in Sergeant Peach's affidavit, Plaintiffs were transferred from the Northeast Correctional Complex in the fall of 1977. Not only have Plaintiffs failed to allege any right to incarceration at a particular prison, but the issue of their transfer is now moot. Any claim based on their transfer is dismissed.
>
> Plaintiffs also ask for a restraining order and injunction prohibiting Defendants from unjustly harassing and punishing them for complaining about prison life. Plaintiffs' allegation regarding this "unjust harassment and punishment" are conclusory and do not state a claim against the Defendants. Plaintiffs also ask the Court to set a show cause hearing regarding their placement on lockdown without a due process hearing. Due process protection is not accorded to prison discipline which does not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandlin v. Conner*, 115 S.Ct. 2293 (1995). Lockdown is not an atypical and significant hardship in prison life and therefore there is no due process protection. The above claims are dismissed.

The trial court correctly refused to appoint counsel for the appellants in this civil action. ***Barish v. Metro Gov't***, 627 S.W.2d 953, 955 (Tenn.App.1981).

Appellants seek to have the court "restrain" the appellees from transferring them to other prisons. Prisoners have no constitutional right to be housed in a particular security prison or to be given particular classifications. ***Newell v. Brown***, 981 F.2d 880, 883 (6th Cir.1992); ***Redd v. Gilless***, 857 F.Supp. 601 (W.D.Tn.1994).

In this case Appellants, without any specifications of persons, specific incidents, or specific time frame, simply charge defendants with "unjust harassment and punishment." These punishments include "lock down" and segregation from general prison populations in some instances.

Making all allowances for the inarticulate character of Appellants' pleadings, the alleged actions simply do not rise to constitutional dignity. ***Sandin v. Connor***, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); ***see also Eldred L. Reid v. Jerry Stover and Charles Noles***, No. 02-A-01-9601-CV-00016 1996 WL 507502 Sept. 9, 1996 (W.S.Ct.App.Tn.).

The motion for summary judgment was properly granted and is affirmed.

Costs are assessed against Appellants and the case remanded for collection of costs.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, PRES. JUDGE, M.S.


_____
PATRICIA J. COTTRELL, JUDGE