David **PURNELL**

v.

Staff Sgt. **LOPEZ**, et al.

Civ. A. No. 95–CV–5884.

United States District Court,
E.D. Pennsylvania.

Nov. 2, 1995.

David Purnell, West Chester, PA, pro se.

### MEMORANDUM

JOYNER, District Judge.

Plaintiff, a pre-trial detainee at the Chester County Prison, has brought this *pro se* lawsuit against several Prison officers alleging various deprivations of his Constitutional rights under the Fourteenth Amendment. This Memorandum and Order resolves both Plaintiff's Motion to Proceed *in forma pau-*

*peris* and his request for the appointment of counsel.

## In Forma Pauperis Status

Pursuant to 28 U.S.C. § 1915, this Court may grant *in forma pauperis* status to any litigant who "makes affidavit that he is unable to pay such costs [of suit] or give security therefor." *Id.* Plaintiff has averred that he is not presently employed, has not received any money from any source in the last twelve months nor owns any property of any value apart from ordinary household furnishings and clothing. Given this showing, this Court will permit Plaintiff to proceed *in forma pauperis* in accordance with the attached Order.

## Appointment of Counsel

■ Federal courts are empowered under 28 U.S.C. § 1915(d) to appoint an attorney to represent an indigent litigant in a civil action. Because there is no inherent right to counsel as in a criminal case this power is discretionary. *Colbert v. Rickmon,* 747 F.Supp. 518 (W.D.Ark.1990); *Turner v. Steward,* 497 F.Supp. 557 (E.D.Ky.1980). Counsel is generally appointed only upon a showing of special circumstances indicating the likelihood of substantial prejudice to the litigant, resulting, for example, from his probable inability to otherwise present the facts and legal issues to the court in a complex but arguably meritorious case. *Smith–Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984). Thus, if it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointment of counsel. *Tabron v. Grace,* 6 F.3d 147 (3d Cir.1993).

■ Here, Plaintiff avers that he is unable to afford counsel, that the issues involved in his case are complex, that the prison limits hours of access to the prison library and does not employ anyone skilled in the jurisprudence of civil law, that he has very limited knowledge of the law, that a fellow inmate has drafted all of his pleadings to date but will no longer be able to assist Plaintiff, and that the ends of justice would be served by appointing counsel for Plaintiff.

From the facts alleged in the complaint, it appears that Plaintiff has stated meritorious claims, although it also appears that credibility determinations will be an important aspect of these claims and that they are not overly complex. In addition, Plaintiff has made no allegations as to his education, work experience, litigation experience or literacy. Nor has he made any allegation that he has attempted to obtain the help of an attorney through any sort of legal aid organization. For these reasons, we find that Plaintiff has not made a showing of special circumstances that warrant appointment of counsel and find that he would not be substantially prejudiced without a court-appointed attorney to aid him. We therefore deny Plaintiff's request.

An appropriate Order follows.

## ORDER

AND NOW, this 2nd day of November, 1995, upon consideration of Plaintiff's Motion to Proceed *in forma pauperis,* the Motion is hereby GRANTED. Plaintiff is given leave to proceed in this action *in forma pauperis* and any and all fees, court costs and/or security are hereafter waived. *See* U.S.C. § 1915; Fed.R.Civ.P. 4(c). IT IS FURTHER ORDERED that:

1. The complaint is to be filed, the summons is to issue, service is to be made upon the defendant by the U.S. Marshals Service in the event that waiver of service is not effected under Fed.R.Civ.P. 4(d)(2). To effect waiver of service the Clerk of Court is specially appointed to serve a written waiver request on each defendant. The Clerk of Court shall also send a copy of the complaint to the attorney representing the correctional institution where the claim is alleged to have arisen. The waiver of service request shall be accompanied by a copy of the complaint and shall inform the defendant of the consequences of compliance and of a failure to comply with the request. The request shall allow the defendant at least 30 days from the date it is sent (60 days if addressed outside the district) to return the signed waiver. If a signed waiver is not returned within the time limit given, the Clerk of Court's Office shall transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed.R.Civ.P. 4(c)(1).

A copy of this Order is to be sent to plaintiff and the defendants.

2. All pleadings and motions or other papers submitted to the court for consideration must be filed with the Clerk of Court and copies of anything filed with the court must be sent to all opposing counsel and/or unrepresented parties in the case and all parties who file anything with the court must file a Certificate of Service in the office of the Clerk of Court indicating that they have served copies thereof on their opponents. Service may be by mail or by hand delivery. The method by which service of any document or paper was made upon the other parties must also be specified in the Certificate of Service. A Certificate of Service should be substantially in the following form:

I, (name) hereby certify that I served a true and correct copy of (name of document filed with the Clerk) on all counsel or unrepresented parties of record by (method of service—hand delivery, first class mail, etc.) on (date of service).

_____

(Signature)

If any pleading, motion or other paper submitted for filing with the Clerk of Court is not accompanied by a Certificate of Service, the Court may disregard it and will not take any action with respect to it.

3. In the event that the summons is returned unexecuted, it is the plaintiff's responsibility to ask the Clerk of Court to issue an alias summons and to provide the clerk with defendant's correct address so that proper service can be made.

4. The parties must notify the Clerk's office when there is any change of address so as to ensure that all court orders or other information is delivered timely and that the parties' legal rights are protected.

5. The plaintiff is directed to immediately notify the Court if there is any change in his or her income levels and financial status.

FURTHER, upon consideration of Plaintiff's Request for Appointment of Counsel, the Request is hereby DENIED.