**Paul C. TURNER, Plaintiff,**

v.

**Calvin STEWARD, Franklin County Jailer, Defendant.**

Civ. A. No. 80–16.

United States District Court,
E. D. Kentucky.

Sept. 25, 1980.

Paul C. Turner, pro se.

William A. Young, Frankfort, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

Paul C. Turner, plaintiff, submitted a complaint to this Court on April 25, 1980, which has been construed as a civil rights claim under 42 U.S.C. Section 1983. Plaintiff also has moved for a writ of habeas corpus and for the appointment of counsel. Defendant has moved for dismissal.

Hearing was held on these motions on August 5, 1980. At that time, plaintiff withdrew his motion for habeas corpus. He was no longer in custody.

The right to counsel under the Sixth Amendment applies only to defendants in criminal actions. *Rhodes v. Houston*, 258 F.Supp. 546 (D.Neb.1966); *Reid v. Charney*, 235 F.2d 47 (6th Cir. 1956). This is a civil action, in which the party moving for the appointment of counsel is the plaintiff. The motion therefore will be denied. Since the plaintiff is proceeding without benefit of counsel, the Court will construe the motion as one asking the Court to request counsel to represent the plaintiff.

The Court has the power to request an attorney to represent an indigent litigant. 28 U.S.C. Section 1915. Such a request should be granted only in exceptional circumstances. *U. S. v. Madden*, 352 F.2d 792 (9th Cir. 1965); *Rhodes, supra*. No reason is apparent, either from the record or the oral argument of plaintiff, to sufficiently distinguish this case so as to warrant the unusual step of requesting counsel.

The defendant, Calvin Steward, has made a motion to dismiss plaintiff's action. The Court believes that the initial review of this issue should be done by the United States Magistrate. 28 U.S.C. Section 636(b)(1)(B).

IT IS THEREFORE ORDERED:

(1) That the motion of Paul C. Turner, plaintiff, for the appointment of counsel is hereby DENIED;

(2) That the motion on Paul C. Turner, plaintiff, for a formal request by the Court to local counsel to handle plaintiff's case, is hereby DENIED;

(3) That the motion of Calvin Steward, defendant, to dismiss plaintiff's complaint, is hereby referred to the United States Magistrate at Lexington for a report and recommendation.