Sylvia BARISH, Plaintiff-Appellant,

v.

The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 8, 1981.

Permission to Appeal Denied by Supreme Court Feb. 16, 1982.

William Caldwell Hancock, Waddey, Lundin & Newport, Nashville, and Henry F. Todd, Jr., Dickson, for plaintiff-appellant.

George A. Dean, Nashville, for defendant-appellee.

OPINION

CONNER, Judge.

(Filed with concurrence of participating judges)

The principal issue presented is whether the trial court erred by refusing to grant the plaintiff-appellant, Sylvia Barish,[1] a continuance in order to seek counsel after the trial court had permitted her former lawyer to withdraw four days before trial. Plaintiff also contends the trial judge procedurally erred in dismissing the plaintiff's complaint pursuant to T.R.C.P. 41.02 when she appeared *pro se* and offered no proof on the date of trial.

Mrs. Barish filed suit on May 17, 1979, claiming that certain of her improved properties had been ordered destroyed by the Metropolitan Government and Davidson County Codes Administration in an arbitrary and capricious manner. Plaintiff sought relief from these orders, and she requested restraining orders to prohibit the defendant from proceeding to destroy the houses or taking any further action. Thereafter, she filed three other similar actions. The four cases were then consolidated. In all, there were ten houses belonging to plaintiff involved.

The defendant filed a motion for summary judgment. It was denied. Thereafter, the consolidated cases were set for trial on April 1, 1981.

On March 12, 1981, plaintiff's counsel, William H. Poland, filed a notice of withdrawal of counsel stating that the plaintiff had discharged him. He filed a motion to be relieved as counsel on March 20. This motion was heard on March 27, and granted. However, the order relieving Mr. Poland was not entered until April 1, 1981, the trial date.

Mrs. Barish appeared before the chancellor, stated that she had been unable to find

an attorney, and asked for a continuance. The request was denied. The plaintiff presented no evidence on her behalf. Therefore, the court dismissed her consolidated complaints. Plaintiff appealed.

Since the trial date plaintiff has attempted to stop the demolition of her houses and has sought post-judgment relief here and in the trial court. All such requests have been denied. All but two of the subject houses have now been destroyed.

■■■ Plaintiff first asserts that it was error for the trial judge not to grant the continuance to allow her to obtain new counsel. We well recognize that a trial court ordinarily has a broad discretion in the grant or the denial of a continuance and that the trial judge's decision will not be set aside unless there is a clear showing of abuse. *Tipton v. Smith*, 593 S.W.2d 298, 301 (Tenn.App.1979). However, lawsuits should not be dismissed absent a hearing on the merits except in most urgent circumstances. *Holt v. Pitts*, 619 F.2d 558 (6th Cir. 1980); *see also* C. Wright, Law of Federal Courts, § 97 (1970).

■■■ The record reveals that the order relieving prior counsel was entered the same day as the trial, having been granted only four days before. The record further indicates that Mrs. Barish had attempted to find counsel during the period after Mr. Poland was relieved, all to no avail. The record also suggests that Mrs. Barish may have wrongfully failed to cooperate with her previous counsel. This would clearly be a proper basis for Mr. Poland's withdrawal and no solace to Mrs. Barish in an attempt to gain a continuance. If this were not so, then every litigant could keep changing lawyers shortly before trial, seek and obtain a continuance and never have to face the "day of reckoning."

It is quite possible that the chancellor was aware of circumstances which are not

1. Hereinafter the parties will be referred to as in the trial court or by their names, as abbrevi-    ated.

fully apparent in this record in denying the plaintiffs request for a continuance. However, from the state of this record we are unable to tell precisely what they were and whether there was an abuse of discretion in not granting the continuance. In view of the gravity of the chancellor's actions on plaintiff's rights, we believe this cause should be remanded for an evidentiary hearing on the very limited questions of why plaintiff's counsel sought to be relieved at such a late date and whether Mrs. Barish used due diligence in attempting to retain new counsel.

If on remand the chancellor should determine *either* that Mrs. Barish did not exercise due diligence in attempting to locate new counsel *or* that she precipitated the withdrawal of her previous counsel so close to the trial date by failure of cooperation or in some other like fashion, we are satisfied there could be no abuse of the trial court's discretion—even in exercising the drastic remedy of dismissal. However, should the chancellor determine that Mrs. Barish was not responsible for the loss of her first attorney and did the best she could to find a new barrister upon his release from the case so near the trial date, we believe she would be entitled to a reasonable period within which to obtain replacement counsel and a hearing on the merits.

■ Also, the plaintiff contends that the trial court erred by dismissing her complaint pursuant to T.R.C.P. 41.02[2] before allowing her a full hearing while being represented by counsel. We believe this contention to be without merit.

The case was properly set for trial on the appointed date. At that time the plaintiff failed to carry her burden of proof. Indeed she presented no evidence at all. Assuming *arguendo* the denial of the continuance was proper, it made absolutely no difference whether the suit was dismissed on the defendant's motion or the court's motion. There is no absolute right to counsel in a civil trial. *See* U.S.Const. amend. VI; Tenn.Const. Art. I, § 9. *Cf. Lassiter v. Department of Social Services of Durham County, North Carolina,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Turner v. Steward,* 497 F.Supp. 557 (E.D.Ky.1980); *State v. Tyson,* 603 S.W.2d 748 (Tenn.Cr. App.1980).

Accordingly, we remand this matter to the trial court for an evidentiary hearing on the responsibility of plaintiff for Mr. Poland's withdrawal as counsel, and, thereafter, whether she exercised due diligence in seeking a new attorney. The chancellor should make specific findings on these questions. In the event the trial court should determine that Mrs. Barish was not responsible for the withdrawal of prior counsel *and* that she thereafter used due diligence in seeking a new attorney prior to April 1, 1981, the case should be reinstated on the docket for trial. Otherwise, the chancellor's original action in dismissing the matter should be affirmed and an order to that effect so entered. By this remand to the trial court for the limited purposes set forth herein we do not intend to make available to plaintiff the remedy of nonsuit. The costs are to be divided equally between both parties.

MODIFIED AND REMANDED.

**2.** *Involuntary Dismissal—Effect Thereof.*—(1) *For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.*

(2) *After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against*

*the plaintiff or may decline to render any judgment until the close of all the evidence; in the event judgment is rendered at the close of plaintiff's evidence, the court shall make findings of fact if requested in writing within three (3) days after the announcement of the court's decision.*

(3) *Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.* (Emphasis supplied.)

LEWIS, J., concurs.

THOMAS A. SHRIVER, Special Judge, dissents in part.

THOMAS A. SHRIVER, Special Judge, dissenting in part.

In an opinion prepared by Judge Conner and concurred in by Judge Lewis this Court proposes to remand this case to the Trial Court for the limited purpose of an evidentiary hearing on the responsibility of plaintiff for the withdrawal of her counsel of record and, thereafter, whether she exercised due diligence in seeking a new attorney before the day the case was set for trial and was dismissed for want of prosecution.

While I do not disagree with the need for a more adequate record and a remand for that purpose, I am firmly of the opinion that, under the circumstances shown by the record, the Chancellor should have postponed the trial date and should not have dismissed plaintiff's case without a hearing on the merits.

We are dealing here with the actions of an administrative board or agency that has seized and destroyed property of a private citizen for alleged violation of some of its rules and regulations, without a hearing in court and without a court order granting that power.

The Codes Administration of the Metro Government of Nashville and Davidson County notified Mrs. Barish that certain of her rental houses were not in compliance with certain of their specifications and set time limits for repairs, otherwise said houses would be demolished and removed.

In her complaint filed in Chancery Court she charges inter alia, that she forthrightly endeavored to comply with the orders of the Codes Administration but that "at every turn her efforts to obtain defendant's building permits for repairs or restoration have fallen short due to the fundamentally unfair actions of defendant and its arbitrary and capricious methods for issuance of these permits." She charges violation by defendant of the provisions of T.C.A. § 8-4401 et seq.

Being unsure of her rights in the premises she prays (1) for process, (2) a restraining order to prevent destruction of her property, (3) for a declaratory judgment as to the rights and duties of the parties, and (4) a permanent injunction.

By further complaint plaintiff alleges that defendant has wrongfully denied her permission to repair the houses involved in this litigation but has persisted in its determination to destroy same, and, further, that defendant has set about to evict her tenants from the subject properties based on inspections conducted several years ago. Furthermore, that defendant has failed to make any accounting or even a report to her of the lumber and materials in the houses demolished by it or its agents.

An order consolidating three cases involving separate parcels of Mrs. Barish's property was entered and an agreed order setting the consolidated cases for trial April 1 and 20, 1981.

In the course of this litigation counsel for Mrs. Barish, Poland and Poland, filed a motion on March 20, 1981, to be permitted to withdraw as counsel for plaintiff; and notice was mailed to counsel for defendant and to Mrs. Barish on March 19, 1981, that said lawyers would appear in court on March 27, 1981, to argue the motion.

There is some indication that the motion was heard on March 27. However, the order granting the motion was entered April 1, 1981, the day the case was set for trial. Said order is as follows:

POLAND & POLAND, Attorneys at Law, having given notice on March 12, 1981, that they have terminated representation of the Plaintiff in the above actions and having filed a Motion with the Court requesting such withdrawal, and,

The Plaintiff, Sylvia Barish, having appeared in open Court and announcing that she no longer desires the services of POLAND & POLAND, Attorneys at

Law, it is hereby ORDERED that PO-LAND & POLAND, Attorneys at Law are withdrawn as counsel for Plaintiff.

The order of dismissal entered April 13, 1981, is as follows:

This case came on to be heard on 1 April, 1981, before this Honorable Court, and upon the failure of the plaintiff to prosecute her case, the defendant moved to dismiss, which motion, being well taken, was granted by this Court;

It therefore, ORDERED, ADJUDGED and DECREED, that all four of these consolidated cases should be and hereby are dismissed pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. The cost of these four consolidated cases are taxed against the plaintiff, for which execution may issue if necessary.

On May 5, 1981, the following order was entered:

This Motion came on to be heard before this Honorable Court on April 24, 1981, requesting an Order preventing the demolition of certain properties and ordering the issuance of certain building permits pursuant to T.C.A. § 7–3–305, and upon the argument of counsel and the entire record, the Motion is not well taken;

It is therefore, ORDERED, ADJUDGED and DECREED that the Motion be and hereby is denied.

Despite the fact that, under our laws, the Court is not under a positive duty in a civil suit to see that a litigant is represented by counsel, even though there is an apparent need for one, under the circumstances shown by this record, I think the Chancellor was not justified in pursuing the course that he did. The taking of private property even under eminent domain proceedings is a drastic remedy and requires close scrutiny by the Courts to see that the owner's rights are fully protected. Where an administrative board, as in the case at bar, is seeking to destroy the property of a citizen without court sanction, and the citizen then appeals to a Court of Equity for protection and

assistance, the duty is certainly equally, if not more, compelling to see that all material facts are fully presented and justice and equity done.

In view of the serious charges made in the several petitions filed by Mrs. Barish in these consolidated cases, and the more or less formal denials in the answers of defendant, it is perfectly obvious that a hearing on the merits was necessary and that Mrs. Barish was in no way qualified to represent herself in such a trial. Thus, to insist on proceeding with a trial when plaintiff's counsel was relieved of his duty to represent her on the very day of the trial, even though his application was heard four days previously with plaintiff's knowledge thereof, is not on its face, a proper exercise of the Chancellor's authority and discretion. This is especially true since plaintiff was there earnestly asking for more time to try to find a lawyer to represent her after having tried unsuccessfully to employ one since her counsel had filed his motion to be allowed to withdraw.

This is certainly not a typical case of dismissal for failure of plaintiff to prosecute. The plaintiff was in Court without a lawyer trying as best she could to protect her rights. Under previous rules a dismissal without a hearing on the merits would have been without prejudice to her rights to reinstitute suit.

But even more important and compelling is the fact that the Chancellor proceeded on the day he allowed plaintiff's counsel to withdraw from the case to dismiss the cause of action on motion of defendant, without the introduction of any proof, and, actually, in the absence of any written motion to dismiss, hence, of course, without any prior notice to plaintiff of such motion.

I would reverse and remand for a hearing on the merits.

By way of addendum, let me say that if the Chancellor, for reasons not apparent in the record before us, concluded that these consolidated cases should be dismissed with-

out a trial on the merits, then, at most, the dismissal should have been without prejudice.

Under the new rules, 41.02, an order of dismissal which, as in this case, fails to specify whether it is with or without prejudice, is to be construed as being with prejudice.

I would be willing to concur in a decision of this Court that the Chancellor's order of dismissal be modified so as to recite "without prejudice," thus concluding this present litigation without the necessity of a remand for further proceedings.