## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

TURTLE CREEK APARTMENTS,    )
        )    **Davidson Circuit Court**
    Plaintiff/Counter-Defendant/    )    No. 94C-3364
    Appellee,    )
        )
VS.    )    **Appeal No.**
        )    **01A01-9608-CV-00382**
MANFRED POLK and MURIEL J.    )
POLK,    )
        )
    Defendants/Counter-Plaintiffs/    )
    Appellants.    )

**FILED**

**June 20, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE WALTER C. KURTZ, JUDGE

Tracy Shaw, #7172    Andrew B. Gibson, Jr., #6788
HOWELL & FISHER    Suite 600, Noel Place
Court Square Bldg.    200 Fourth Avenue, North
300 James Robertson Parkway    Nashville, TN 37219
Nashville, TN 37201-1107
ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT/APPELLEE

Manfred Polk
P.O. Box 1661
Brentwood, TN 37024-1661
PRO SE FOR DEFENDANT/COUNTER-PLAINTIFF/APPELLANT,
MANFRED POLK.

## AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| **TURTLE CREEK APARTMENTS,** | ) |
| | )   **Davidson Circuit Court** |
| **Plaintiff/Counter-Defendant/** | )   **No. 94C-3364** |
| **Appellee,** | ) |
| | ) |
| **VS.** | )   **Appeal No.** |
| | )   **01A01-9608-CV-00382** |
| **MANFRED POLK and MURIEL J.** | ) |
| **POLK,** | ) |
| | ) |
| **Defendants/Counter-Plaintiffs/** | ) |
| **Appellants.** | ) |

# O P I N I O N

This is a landlord-tenant suit in which the tenants have appealed from a non-jury judgment disposing of their conflicting claims.

The brief of the appellants, Manfred Polk and Muriel J. Polk, filed by Manfred Polk "Pro Se counsel for Defendants/Appellants" states the issues on appeal as follows:

> 1.      Whether the Trial Court erred in denying Appellants' Motion for Continuance.
>
> 2.      Whether the Trial Court violated Appellants' due process by denying Motion for Continuance.

Since there is no evidence that Manfred Polk is licensed to practice law in Tennessee, the consideration of his brief must be limited to the rights of Manfred Polk.  T.C.A. §§ 23-1-108-109.

## I.

### The Case

On August 24, 1994, the plaintiff, Turtle Creek Apartments caused to be issued a General Sessions Detainer Warrant against Manfred and Muriel Polk seeking possession of property described as 320 Hickory Trace Drive, rent, fees, charges and damages.

On September 27, 1994, the General Sessions Court rendered judgment in favor of the plaintiff for possession and $1,610.00.

On October 5, 1994, the General Sessions Court granted to "the defendant" an appeal to the Circuit Court upon "appeal bond."

On October 13, 1994, defendants filed a bond for appeal to the Circuit Court, and on the same date the appeal was filed in the Circuit Court.

On November 4, 1994, the "defendant/appellant" by Manfred Polk, Pro Se, moved the Circuit Court to set the appeal for hearing.

On December 16, 1994, the Trial Court entered an order setting the appeal for trial on the non-jury docket at 9:00 a.m. on May 1, 1995. The order contained the signature of Manfred Polk, Pro Se.

On May 9, 1995, an agreed order was entered resetting the trial time to October 17, 1995, at 9:00 a.m.

On October 12, 1995, the defendant, Manfred Polk, Pro Se, moved for a "continuation" and that:

> --- sufficient time be granted for <u>plaintiff appellee</u> to file an
> answer and for a complete discovery by both parties."
> (Emphasis supplied)

On the same date, October 12, 1995, Manfred and Muriel Polk filed a "Compulsory Counterclaim" seeking damages for wrongful eviction, rent adjustment, mental distress, pain, suffering, loss of services, living in an undesirable area, "loss of income due to derogatory credit information and development business," and punitive damages.

On October 18, 1995, an agreed order was entered rescheduling the trial for April 2, 1996.  (No time designated.)

On March 8, 1996, Manfred Polk, Pro Se, filed a motion on behalf of "defendants/appellees" seeking a default judgment against the plaintiff/appellees for failure to reply to counterclaim.

On March 15, 1996, the plaintiff/counter-defendant filed a reply to the counter-claim.

On March 29, 1996, a licensed Tennessee lawyer acting for Manfred and Muriel Polk, filed a "Motion for Continuance of Trial."  The trial was held as scheduled on April 2, 1996.

On April 4, 1996, the Trial Court entered an order overruling defendant/counter-plaintiffs' motion for default judgment.

On April 9, 1996, the Trial Judge entered judgment as follows:

> After the presentation of proof by the parties, the court determined:
>
> (1)  The action of Turtle Creek Apartments v. Muriel Polk should be dismissed.
>
> (2)  The action of Manfred and Muriel Polk against Turtle Creek Apartments should be dismissed, and accordingly a judgment should be entered in favor of Turtle Creek Apartments.
>
> (3)  That Turtle Creek Apartments is entitled to a judgment against Manfred Polk in the amount of $2,460.
>
> (4)  That court costs attributable to these actions shall be taxed to Manfred Polk, for which execution may issue if necessary.

## II.

## The Law

Trial Judges have broad discretion to grant or deny an application for continuance, and such discretion is ordinarily respected in the absence of clear, prejudicial error under the circumstances. In *Morrow v. Drumwright*, 202 Tenn. 307, 304 S.W.2d 313 (1957), the Supreme Court approved the denial of a continuance defendants' negligent delay in informing counsel of a witness in time for his deposition to be taken.

In *Barish v. Metropolitan Government*, Tenn. App. 1981, 627 S.W. 953, the denial of continuance for withdrawal of counsel was remanded for an evidentiary determination of whether the applicant had exercised due diligence in seeking substitute counsel.

In *Morrow v. Sneed*, 121 Tenn. 173, 114 S.W. 201 (1908), the Supreme Court reversed a denial of continuance and said:

> On January 5, 1907, the complainant answered defendant's cross bill, denying its various allegations. Nothing was done by either party to speed the cause until the 13th of August, 1907, when, by consent, it was continued and remanded to the rules for the taking of proof. Previous to this latter date, however, complainant gave notice that he would take the depositions of several persons, himself included, in the city of Clarksville, where he resided, on the 28th of August, 1907. At the request of the defendant and for his convenience, the complainant consented to postpone the taking of these depositions until October 28, 1907. Again on this latter date at the request of defendant, a further postponement was made until November 5th, and thereafter it was mutually agreed that the depositions in question should be taken November 12th in that city. On that day, the defendant being in attendance for the purpose of cross-examination, the deposition of the complainant, Morrow, was given, but not finally concluded. The record indicates it was left open in order that the witness might refer to some records, with a view of making certain that which was possibly somewhat uncertain. This deposition remained in an unfinished condition until December 9th.
>
> While there was much delay on the part of complainant, from the date of the filing of the original bill, in the preparation of this cause for trial, yet we think it clear, at least from August,

1907, to November 12th the suspension of such preparation was the result of a concession made by the solicitors of complainant in the city of Knoxville, entirely for the convenience of defendant, who desired to be present in person at the taking of the depositions, but whose duties as a judicial officer made it difficult for him to be in Clarksville an earlier date. When the deposition of Morrow as left open on that day, we think it clear the subsequent delay in closing and forwarding it was the result of pressing professional engagements of the solicitors of both the complainant and the defendant residing in the city of Clarksville. So it was, when the defendants announced in open court, on December 9th, that Judge Anderson would take up the docket of cases in which he (Judge Sneed) was disqualified, and the Knoxville solicitors of complainant were notified that this case would be called at 1:30 p.m. on the 11th of December, they at once wired their associate counsel, in Clarksville, to have closed and forward Morrow's deposition. Notwithstanding this telegram was speedily acted on, the deposition did not get to the office of the clerk and master of the chancery court by the hour of the day designated. Anticipating the early arrival of same, at the call of the case by Judge Anderson at the time designated, they asked for a postponement for a few days or a continuance. This being declined, they then asked to dismiss their case without prejudice, and this was also declined, with the result that both original and cross bill were dismissed as upon a trial, upon the ground that the allegations contained in these several pleadings were not sustained by evidence.

To repeat what has already been said, we think it apparent that, while the parties to this cause had been dealing at arms' length until notice was given in August to the defendent of the taking of depositions in Clarksville by complainant, from that time until the 12th of November the preparation of the case for trial was a matter of concession on the part of complainant to the convenience of the defendant. This being so, it can readily be perceived that the former might be disarmed of the feeling that he would be precipitately pressed into a trial. In this state of the case, and under these conditions, we do not think the request of the complainant for a few days' delay, giving time for the arrival of his deposition, was unreasonable. To the contrary, we are satisfied that it was reasonable, and that forcing him to trial under the circumstances worked a hardship, and was not warranted by any equitable consideration or legal necessity. This condition was aggravated by the refusal of the trial judge to grant the motion of complainant to dismiss when he found himself in this position of disadvantage.

While continuances are subject to the discretion of the trial court, and this discretion will not be interfered with, save when abused, yet we are satisfied the present is a case where it is the duty of this as a revising court to

interpose. The final decree of the trial judge, therefore, will be reversed, and the cause will be remanded for further proceedings.

In some respects, the quoted authority supports the position of appellant, but the circumstances of the quoted authority differ substantially from those of the present case.

In the quoted authority, there was a lapse by acquiescence from January 5, 1907 to August 13, 1907 - a period of seven months; consent postponements until October 28 and November 12, 1907, a period of three months, and an agreed brief and agreed delay in producing a deposition for more certain response from the witness. The deposition had not been completed by December 11, the date of trial, despite the urgent efforts of counsel. Counsel who sought the continuance was not responsible for the fact that the deposition was not timely completed.

In the present case, the suit originated on August 24, 1994. The General Sessions judgment was rendered on September 27, 1994, with the appeal arriving in the Circuit Court on October 13, 1995. On December 16, 1994, on Motion of Defendants, the Trial Court set the case for hearing on May 1, 1995. On May 9, 1995, defendants joined in an agreed order resetting the case on October 17, 1995. On October 12, 1995, defendants filed their "Compulsory Counter Complaint." On October 18, 1996, defendants-counter claimants joined in a consent order resetting the cause for April 2, 1996. On March 29, 1996, just 5 days before the date of trial, defendants-counter claimants sought yet another delay which was refused.

These extreme circumstances amply justify the discretionary decision to deny further delay in the disposition of this longstanding and often delayed judicial proceeding, and constituted no denial of due process.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellants and their surety. The cause is remanded to the Trial Court for necessary further proceedings. -8-

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE