IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**RAY DARRIS THOMPSON,**

     Plaintiff-Appellant,

Vs.

**STANLEY DICKERSON, ET AL,**

     Defendants-Appellees.

Shelby Circuit No. 56885
C.A. No. 02A01-9702-CV-00034

FILED

August 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

_____

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE KAREN R. WILLIAMS, JUDGE

Ray Darris Thompson, Pro Se

John Knox Walkup, Attorney General and Reporter
Arthur Crownover II, Assistant Attorney General
For Appellees

*REVERSED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

Plaintiff, Ray Darris Thompson, appeals the order of the trial court dismissing his

complaint against the defendants, Stanley Dickerson, Betty Hammond, Vernon Brown, June

Wesson, Bruce MacDonald, and Christine Bradley, for failure to prosecute.

On October 4, 1993, Thompson, acting *pro se*, filed a complaint against the defendants, both in their individual and official capacities, asserting a negligence action for the denial of his rights in a prison disciplinary hearing. Thompson is an inmate in the custody of the Tennessee Department of Correction (TDOC), and each of the defendants is an employee of TDOC. In his complaint, Thompson alleges that the defendants negligently caused him to be charged with "Providing Unauthorized Services to Employees" and that the defendants negligently violated TDOC Administrative Policy and Procedure Index No. 502.05. The complaint alleges that the defendants negligently commenced disciplinary proceedings against Thompson for an action that was not a punishable disciplinary offense. The complaint further alleges that the defendants found Thompson guilty against the preponderance of the evidence and acted negligently in violation of TDOC Policy No. 502.01 and No. 502.05. In addition, the complaint alleges that the defendants denied Thompson's appeal. Finally, Thompson alleges that he suffered severe mental anguish, loss of job pay, and other financial and incidental losses. The complaint requests a declaratory judgment, an injunction, and $10,000.00 in damages.

Each of the defendants separately filed a motion requesting a forty-five-day extension of time in which to reply to the complaint. On or about December 20, 1993, the defendants together filed a motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. On or about January 3, 1994, Thompson filed a motion for extension of time in which to file his response to the defendants' motion to dismiss, and on January 31, 1994, Thompson filed a motion requesting an additional ten days. On or about February 6, 1994, Thompson filed a reply to the defendants' motion to dismiss. Also on February 6, 1994, Thompson filed a motion to voluntarily dismiss his claims against the defendants in their official capacity and to dismiss his claims for declaratory and injunctive relief.

The defendants continued the exchange of motions on February 22, 1994 when they filed a reply to Thompson's response to their motion to dismiss. Shortly thereafter, Thompson filed a response to the defendants' latest reply.

On May 20, 1994, Thompson mailed a letter to the clerk of the court requesting that the clerk's office notify him of the status of the case and send him copies of any order entered in the

case. On June 20, 1994, Thompson again wrote the clerk of the court requesting an update on the status of the case. Apparently, the clerk handwrote a response on Thompson's second letter stating, "Dear Sir, On or about May 20, 1994, I responded to your letter. The case is still pending and again no orders have been entered in this case."

On April 6, 1994, Thompson attempted to continue discovery by filing a request for production of documents. The defendants failed to respond, and on April 16, 1994, Thompson filed a motion to compel production of documents. On April 30, 1994, the defendants replied to Thompson's motion to compel claiming that they never received the request for production of documents. The defendants' response pointed out to the trial court that the defendants still had a motion to dismiss pending.

In his brief, Thompson stated that he was notified by the clerk's office on June 28, 1996 that the case was set for dismissal on July 9, 1996 for failure to prosecute. Thompson filed a motion in opposition to the dismissal on July 5, 1996. On July 9, 1996, however, the trial court entered an order dismissing Thompson's complaint, *sua sponte* and without comment, for want of prosecution.

Thompson appeals the order of the trial court and presents one issue for review: whether the trial court erred in dismissing his complaint for failure to prosecute. The defendants present an alternative issue: whether Thompson's complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The trial court is expressly authorized to impose the sanction of dismissal. ***Holt v. Webster***, 638 S.W.2d 391, 394 (Tenn. App.1982). The *Tennessee Rules of Civil Procedure* authorize a trial court to dismiss a plaintiff's complaint: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Tenn. R. Civ. P. 41.02 (1). A dismissal for failure to prosecute operates as an adjudication upon the merits. Tenn. R. Civ. P. 41.02 (3).

In ***Harris v. Baptist Memorial Hospital***, 574 S.W.2d 730 (Tenn. 1978), the Tennessee Supreme Court discussed Rule 41.02:

> Although Rule 41.02 does not expressly so provide, we are of the opinion that a trial court may under certain circumstances and upon adequate grounds therefor, *sua sponte* order the involuntary dismissal of an action. However, this power must be exercised most sparingly and with great care that the right of the respective

3

parties to a hearing shall not be denied or impaired. It must be remembered that Rule 41.02(3), *Tennessee Rules of Civil Procedure*, provides that all dismissals, except those for lack of jurisdiction, improper venue or lack of an indispensable party, shall operate as an adjudication upon the merits unless the court in its order of dismissal otherwise provides. In short, the occasions for the proper exercise of this power are considered by this Court to be few indeed.

*Id*. at 731. Dismissal is a harsh sanction. *Holt*, 638 S.W.2d at 394. Accordingly, lawsuits should not be dismissed absent a hearing on the merits except in most urgent circumstances. *Barish v. Metropolitan Gov't of Nashville and Davidson County*, 627 S.W.2d 953, 954 (Tenn. App. 1981) (citing *Holt v. Pitts*, 619 F.2d 558 (6th Cir. 1980)).

When the trial court exercises its discretion in imposing the sanction of dismissal, this exercise of its discretion will not be disturbed by this Court in the absence of an affirmative showing that the trial court abused its discretion. *Id*.

Thompson argues that the trial court abused its discretion by dismissing his complaint for failure to prosecute. He points out that three motions were still pending before the trial court: the defendants' motion to dismiss, his motion to dismiss the official capacity claims and the claims for declaratory and injunctive relief, and his motion to compel production of documents. He also argues that the action was delayed because of the death or resignation of the original trial judge. Thompson asserts that the case was stalled during the wait for the appointment of the new trial judge. Finally, Thompson asserts that the defendants delayed the case by not setting their motion to dismiss for a hearing.

We agree with Thompson that the trial court erred in dismissing his complaint. It is clear from the record that three motions were still pending before the trial court, two of which were filed by Thompson, and that the case was still ongoing. Thompson twice wrote the clerk of the court to request an update. Although he did not pursue the case with the utmost diligence, he certainly did not abandon his cause. We note that *pro se* inmate litigants are at a disadvantage and that it was probably difficult for Thompson to check the status of his case or the status of the new judge's appointment. During the pendency of this case, Judge Tharpe, to whom the case was originally assigned, became ill and passed away. Judge Williams was appointed to the bench and was assigned this case. It appears that Thompson was a victim of unfortunate circumstances and that his case was lost in the shuffle. We believe that this case does not present

4

such urgent circumstances to warrant the harsh sanction of a dismissal.

The defendants have also presented an issue for our review: whether Thompson's complaint should be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. The defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, but the trial court never ruled on this motion. We will not entertain the defendants' argument because the trial court has not entered a final judgment on this issue. T.R.A.P. 3.

Accordingly, the order of the trial court dismissing Thompson's complaint is reversed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of this appeal are assessed against the appellees.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**