IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 15, 2010 Session

## IN RE: CYNTHIA M-M ET AL.

**Appeal from the Juvenile Court for Rutherford County**
**No. TC1078      Donna Scott Davenport, Judge**

---

**No. M2010-00080-COA-R3-PT - Filed July 23, 2010**

---

FRANK G. CLEMENT, JR., J., dissenting.

I respectfully disagree with the majority's conclusion that the trial court erred by denying Father's request for a continuance and proceeding with the trial on the petition to terminate his parental rights. I reach my decision based on two factors: (1) the decision to grant a continuance or to proceed with the trial was within the discretion of the trial court, a decision that will be upheld so long as reasonable minds can disagree as to the propriety of the decision made; and (2) the fact that Father was arrested three weeks prior to trial and knew he would be unable to attend, yet he did not inform his attorney until the night before trial.

I am in full agreement with the majority's recognition of the gravity of a decision to sever the parental rights of a parent as our courts have repeatedly held that parents have a fundamental right to the care, custody, and control of their children. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Hawk v. Hawk*, 855 S.W.2d 573, 577 (Tenn. 1993). Nevertheless, although these rights are superior to the claims of other persons and the government, parental rights are not absolute. *In re S.L.A.*, 223 S.W.3d 295, 298-99 (Tenn. Ct. App. 2006). As is the case with any litigant, Father had a duty to comply with orders of the court, including orders setting the case for trial. *See Hodges v. Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000) (stating trial courts posses inherent authority to control their dockets which includes the authority to dismiss cases for failure to comply with orders of the court). Moreover, once Father realized he might not be able to comply with a court order due to circumstances beyond his control, he had a duty to be diligent, to take timely and appropriate steps to advise the court (through his attorney) of circumstances that could prevent him from complying with an order of the court. *See Barish v. Metropolitan Government*, 627 S.W.2d 953, 954 (Tenn. Ct. App. 1981).

On July 1, 2009, an order was entered which set this case for trial in the Juvenile Court for Rutherford County, Tennessee. The case was to be tried on August 21, 2009. Three weeks later, on July 30, 2009, Father was arrested by authorities in the state of Washington, where he remained incarcerated through the scheduled date of trial of this case.

As Father remained in jail with trial approaching, Father took no action for twenty-one days to notify his attorney of his detention in Washington. It was not until the night before trial, the evening of August 20, 2009, that Father notified his attorney in this action that he was in jail and could not attend the trial, a fact I find inexcusable.

Had Father notified his attorney of his detention in a timely fashion, the matters at issue in this appeal perhaps could have been avoided. Father knew or should have known for three weeks that he would not be able to attend the trial, a trial which would determine whether his parental rights would be terminated or preserved, yet he did nothing until the night before trial. Furthermore, due to his lackadaisical attitude concerning what is certainly a very serious matter, he also allowed the other participants and the court to expend time and resources not only to prepare for but to appear for trial, a circumstance that could have been avoided had Father acted responsibly.

The foregoing notwithstanding, I fully recognize that the trial court was faced with a serious decision on the morning of trial – whether to grant the continuance or to proceed with the trial. Nevertheless, trial courts have broad discretion to grant or deny a motion for a continuance of a trial date, and such discretion is ordinarily respected in the absence of clear, prejudicial error under the circumstances. *Turtle Creek Apartments v. Polk*, 958 S.W.2d 789, 790 (Tenn. Ct. App. 1997). Moreover, this court reviews a trial court's discretionary decision pursuant to the very deferential abuse of discretion standard, which standard of review does not permit this court to "substitute its judgment for that of the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). For the above reasons, and particularly Father's lack of diligence in notifying his attorney of his inability to attend the scheduled trial, *see Barish*, 627 S.W.2d at 954, I am unable to conclude that the trial court's denial of Father's last minute motion to continue the trial constituted an abuse of discretion.

For the foregoing reasons, I would affirm the trial court's decision to deny the motion for a continuance and to proceed to trial in Father's absence. Due to the remand of this case it is not necessary that I address the other issues raised.

_____
FRANK G. CLEMENT, JR., JUDGE