**FILED**

**March 8, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:50 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Carla Wright | ) Docket No. 2015-04-0181 |
| | ) |
| v. | ) State File No. 95090-2014 |
| | ) |
| Cookeville Regional Medical Center, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded - Filed March 8, 2017

---

This appeal involves an employer's challenge to the trial court's grant of a motion to continue the trial date to enable the employee to take additional expert medical testimony. On the eve of trial, the employee argued that she needed an opportunity to re-depose a treating physician in light of the employer's misrepresentation defense, which was one of numerous defenses asserted by the employer. The trial court granted the employee's request to continue the trial date, which the employer contends on appeal amounts to an abuse of discretion. We find no error and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Fredrick R. Baker, Cookeville, Tennessee, for the employer-appellant, Cookeville Regional Medical Center

Kelly R. Williams, Livingston, Tennessee, for the employee-appellee, Carla Wright

### Factual and Procedural Background

Carla Wright ("Employee"), an employee of Cookeville Regional Medical Center ("Employer"), alleged suffering a back injury while pulling a cart in the course and scope of her employment. Mediation efforts were unsuccessful and a dispute certification notice was issued on January 5, 2016, on which Employer's defenses to the claim were identified as "applicability of the 'escape clause,' TTD overpayment, impairment rating."

In addition, the dispute certification notice reflected the following disputed issues and defenses: (1) whether Employee sustained an injury that arose primarily out of and in the course and scope of her employment with Employer; (2) whether Employee's injury was idiopathic in nature; (3) whether Employee suffered from a pre-existing condition that was aggravated by a work-related injury; (4) whether Employee sustained an injury in the course of employment with Employer; (5) whether Employee was injured while engaged in a significant deviation from her work duties; (6) whether the Employee was an independent contractor, casual employee, or volunteer at the time of the alleged injury; and (7) whether Employer had adequate grounds to deny Employee's claim based on intoxication, willful misconduct, intentional misrepresentation, or voluntary participation in a non-work activity.

Following the addition of the Second Injury Fund ("Fund") as a party, the parties again attempted to mediate the claim, this time with the Fund's involvement. The mediation attempts were unsuccessful, and a second dispute certification notice was issued indicating that Employer's defenses to the claim were "applicability of the 'escape clause,' TTD overpayment, PTD, impairment rating." Employer submitted a list of eighteen "[a]dditional disputed issues and defenses," one of which was misrepresentation.

After a post-discovery mediation, a third dispute certification notice was issued on December 16, 2016, identifying Employer's defenses as "applicability of the 'escape clause,' PPD, PTD." Employer submitted a list of additional disputed issues and defenses identical to the one submitted with the second dispute certification notice. Thus, four days before the trial date, Employer had raised twenty or more issues and/or defenses.

On the day immediately prior to the scheduled December 20, 2016 trial, the trial court held a telephonic conference with the parties during which Employee requested that the trial be continued.[1] Employee asserted that she was unaware Employer was relying on a misrepresentation defense until the post-discovery mediation conducted on December 8, 2016, and that she needed to re-take the deposition of one of her physicians in order to respond to that defense. The trial court granted Employee's motion and continued the trial. Employer has appealed, asserting the trial court abused its discretion by granting the continuance.

---

[1] The record contains a motion to continue the trial date signed by Employee's attorney "on this the 19th day of December 2016." However, the certificate of service is dated December 26, 2016, approximately a week *after* the trial court granted the continuance. The motion was filed by the trial court clerk on December 28, 2016. Thus, we are unable to determine whether the trial court had this motion before it at the time of the teleconference on December 19, or whether Employee orally moved for a continuance at the teleconference, or both.

## Standard of Review

A trial court's decision to grant or deny a request for a continuance is reviewed under an abuse of discretion standard. *See, e.g.*, *Liberty Mut. Ins. Co. v. Friendship Home Health Agency, LLC*, No. M2007-02787-COA-R3-CV, 2009 Tenn. App. LEXIS 262, at *8 (Tenn. Ct. App. Mar. 19, 2009). An appellate court may "find an abuse of discretion only if the [trial] court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). In reviewing a trial court's exercise of discretion, we presume the trial court was correct and consider the evidence in a light most favorable to upholding the decision. *Lovlace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013). "[W]e will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *Johnson v. Walmart Assocs., Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *17 (Tenn. Workers' Comp. App. Bd. July 2, 2015). That said, such decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

## Analysis

### A.

Employer asserts that the trial court erred by continuing the trial date for several reasons. First, Employer claims that by waiting until the day before trial to move for a continuance, Employer had already incurred the expense and inconvenience of preparing for trial. Second, Employer contends there was no legitimate reason to continue the case because misrepresentation had been identified as a defense in each dispute certification notice and, therefore, Employee had notice of that defense. Third, Employer points out that Employee never submitted written discovery requests and, therefore, failed to act diligently before moving for a continuance.

The law is clear that trial courts have wide discretion when deciding whether to grant or deny a motion for a continuance and, in resolving such a motion, the trial court should consider: "(1) the amount of time the proceedings have been pending, (2) the reasons for the continuance, (3) the diligence of the parties seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." *Liberty Mut. Ins. Co.*, 2009 Tenn. App. LEXIS 262, at *9. The law is also clear that "appellate courts should not second guess a trial court's decision on a motion for a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that a clear prejudicial error has been committed." *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003). The decision to grant or deny a motion to continue is fact specific, and such

3

motions should be considered in the context of the totality of the circumstances that exist at the time the motion is filed. *Id.*

In the present case, the parties participated in three separate mediations and, after each one, a dispute certification notice was issued that listed numerous disputed issues and defenses. For example, as a part of the dispute certification notice issued on December 16, 2016, Employer asserted defenses that were stated as follows:

- Date of injury;
- Notice;
- Medical causation/aggravation of preexisting condition;
- Extent of permanent medical impairment, if any;
- Extent of permanent disability, if any;
- Second Injury Fund apportionment;
- Misrepresentation;
- Subsequent intervening event;
- Whether injury occurred while working for different employer;
- Intoxication;
- Self-inflicted injury;
- Willful misconduct;
- Willful failure to use a safety device;
- Willful failure to perform a duty required by law;
- Voluntary participation in recreational activity;
- Idiopathic;
- Employee's noncompliance with medical treatment; and
- Employer asserts all defenses allowed by statute, regulation, case law, or Rules of Civil Procedure.

This extensive listing of defenses was in addition to those identified on the dispute certification notice as "applicability of the 'escape clause,' PPD, PTD." Accordingly, as recently as four days before the trial was to occur, Employer had raised at least twenty separate defenses, plus all other "defenses allowed by statute, regulation, case law, or Rules of Civil Procedure."

A party may assert as many defenses as it deems appropriate consistent with good faith requirements.[2] However, when a party elects to assert a host of wide-ranging defenses, it runs the risk that the course of the litigation will be delayed or extended by

---

[2] A party's claims and defenses must not be "presented for any improper purpose," must be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and must have "evidentiary support" or be likely to have such support after reasonable discovery. Tenn. R. Civ. P. 11.02.

the need of the opposing party to prepare for each and every defense. This case is a prime example, and we conclude the trial court's decision to grant a continuance did not fall outside an acceptable range of alternatives given the myriad of defenses Employee faced. *See Lee Med, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (Appellate courts "should review a lower court's discretionary decision to determine . . . whether the lower court's decision was within the range of acceptable alternative dispositions.").

Employer correctly points out that Employee submitted no written discovery. Nevertheless, we are not persuaded that Employee's failure to do so was sufficient, under the circumstances presented, to warrant a finding that the trial court abused its discretion in delaying the trial. Employee was faced with the daunting task of having to respond to a multitude of defenses Employer continued to press as recently as a few days before the trial date. While doing so was Employer's prerogative, it was the trial court's prerogative to grant Employee additional time to prepare. Again, trial courts have broad discretion to grant or deny a motion for a continuance, "and such discretion is ordinarily respected in the absence of clear, prejudicial error under the circumstances." *Turtle Creek Apartments v. Polk*, 958 S.W.2d 789, 790 (Tenn. Ct. App. 1997).

Further, we note that Employer likewise requested, and was granted, a continuance of the trial date. Although Employer requested the continuance approximately six weeks before the trial was scheduled to occur, the fact remains that Employer was granted the same relief it now opposes. Employer complains that Employee's motion for a continuance prejudiced Employer "by causing undue delay in a case that has already been pending for quite some time." While it is true Employee's request for a continuance prolonged the case, the same can be said of Employer's earlier request for a continuance.

Considering the totality of the circumstances, we have no difficulty finding that the trial court did not abuse its discretion in granting Employee's request to continue the trial.

**B.**

Employer also faults the trial court for pointing out to Employee an inadequacy in her medical proof during the teleconference the day before the trial was scheduled to occur. Specifically, according to the statement of the evidence approved by the trial court, the trial judge

> sua sponte reviewed the statutory requirements of [Tennessee Code Annotated section] 50-6-242(a)(2)(B), notified the parties that these requirements had not yet been satisfied because no written certification had been obtained, advised the parties that the written certification form was available on the Bureau's website, and indicated that the record would be deficient if the proper written certification was not completed.

Employer argues that the trial court thus "took it upon itself to effectively educate the Employee about this defect in [the] case, and then [gave] the Employee the opportunity to correct the mistake."

It is fundamental that trial judges are not advocates and cannot offer legal advice to a party in a case being adjudicated before them. *See State v. Riels*, 216 S.W.3d 737, 747 (Tenn. 2007) ("[T]rial judges should always use restraint and not interject themselves into a role in a trial which may be perceived as that of an advocate rather than an impartial arbiter."). While courts must be mindful of boundaries regarding educating a party and/or effectively advocating for a party, our conclusion that the trial court did not abuse its discretion in granting Employee's request for a continuance obviates any need for us to address this issue at this point in time.

## Conclusion

For the foregoing reasons, we hold that the trial court did not abuse its discretion in granting Employee's motion for a continuance. Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

**FILED**

**March 8, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:50 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carla Wright | ) | Docket No. 2015-04-0181 |
| | ) | |
| v. | ) | State File No. 95090-2014 |
| | ) | |
| Cookeville Regional Medical Center, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of March, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Kelly R. Williams | | | | | X | krwattorney@yahoo.com |
| Fred Baker | | | | | X | fbaker@wimberlylawson.com |
| Patrick Ruth | | | | | X | Patrick.Ruth@tn.gov |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov