W. A. Clark, in Error, v. J. A. Jarrett.

W. A. CLARK, in Error, v. J. A. JARRETT.

NEW TRIAL. *Party misled by remark of Court.* Where a party has been misled by a remark of the Court as to the time at which his case would stand for trial, and for this reason is unprepared when his case comes on for hearing, a new trial will be granted.

. FROM CANNON.

Appeal from the Circuit Court. W. H. WILLIAMSON, Judge.

JAS. S. BARTON for Clark.

J. W. BURTON for Jarrett.

MCFARLAND, J., delivered the opinion of the Court.

Although this Court seldom interferes with the discretion of a Circuit Judge in a matter of continuance or new trial for additional testimony shown by affidavit, yet we are constrained to do so where it is made to appear, as it does in this case, that the ends of justice propably require it.

The plaintiff in . error, who was defendant below, used, as we think, reasonable diligence in preparing his defence, and he shows by his affidavit that he was misled by a remark of the Judge when the cause was first called, that the cause did not stand for trial, although the Judge made this remark from a misunderstanding of the statement of counsel.

The affidavit shows that by his absence, and the absence of his witnesses, plaintiff in error was prevented from making his defence. The merits of his defence are specifically set forth, and the names of the witnesses given. The injunction, which had hitherto stayed the progress of the cause, had been very shortly before dissolved. No copy of the decree dissolving the injunction had been filed. It was considered doubtful, as it perhaps might well be, whether the cause stood for trial at that Term.

It is true that, as a general rule, new trials ought not to be granted on an affidavit of newly discovered testimony, without the affidavit of the witnesses by whom the new proof is to be made; but here the party was misled and prevented from making his defence at all, and the application of his attorney for a continuance refused.

Upon the facts disclosed, which we need not fully set forth, we reverse the judgment, and grant a new trial.