# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 3, 2016 Session

## JO ELAINE TIDWELL v. PATSY BURKES

**Appeal from the Chancery Court for Lawrence County**
**No. 13-16415      Stella L. Hargrove, Chancellor**

-------

**No. M2015-01270-COA-R3-CV – Filed July 8, 2016**

-------

In this property dispute involving two sisters, the plaintiff instituted the action, seeking to set aside a recorded deed on the basis that the instrument contained a forged signature. The defendant's counsel, who filed an answer to the complaint, was attorney of record at the time of the trial. On the date of trial, the defendant's counsel did not appear in court because he had been recently suspended from the practice of law, a fact unknown to the defendant until she appeared for trial. When the trial court elected to proceed with the hearing, the defendant represented herself. Upon the conclusion of the trial, the trial court announced its decision in favor of the plaintiff, determining that the deed contained a forged signature and ordering that the deed be set aside. The court also ordered that the defendant pay all costs, including the expense for the plaintiff's expert witness. The defendant subsequently retained new counsel, who filed a motion for new trial. The motion was denied. The defendant appeals. Determining that the trial court erred in failing to order a continuance of the trial, we vacate the judgment of the trial court and remand for a new trial on the merits.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellant, Patsy Burkes.

William J. Eledge and Walter C. Doerflinger, Lawrenceburg, Tennessee, for the appellee, Jo Elaine Tidwell.

**OPINION**

## I. Factual and Procedural Background

The plaintiff, Jo Elaine Tidwell, and the defendant, Patsy Burkes, are sisters.[1] Ms. Tidwell and Ms. Burkes inherited a parcel of improved real property located in Lawrence County, Tennessee ("the Property"), from their mother at the time of her death in 1997. On June 11, 2001, Ms. Burkes tendered a check to Ms. Tidwell in the amount of $15,000. Ms. Burkes testified that the check was payment for the Property, but Ms. Tidwell testified that the check represented money from an account opened by Ms. Burkes as executrix of an estate. Approximately eight years later, a quitclaim deed was recorded with the register's office of Lawrence County on July 9, 2009 ("July 2009 Deed"), conveying Ms. Tidwell's one-half interest in the Property to Ms. Burkes. Prior to the recordation of the July 2009 Deed, the sisters jointly owned the Property as tenants in common, with each owning a one-half undivided interest according to a January 24, 2008 deed. In the meantime, a divorce action between Ms. Tidwell and her now ex-husband, Michael Staggs, was initiated on June 12, 2009. In accordance with the respective marital dissolution agreement, Mr. Staggs subsequently executed a quitclaim deed on July 10, 2010, relinquishing any claim to the Property.

On July 23, 2013, Ms. Tidwell filed an action against Ms. Burkes, requesting that the trial court set aside the July 2009 Deed on the basis that such instrument contained a forged signature. Based on the alleged forgery, Ms. Tidwell contended that her one-half interest in the Property should be restored to her. In her complaint, Ms. Tidwell alleged in part that she only learned of the July 2009 Deed in October 2012. The court concomitantly issued a restraining order preventing Ms. Burkes from removing Ms. Tidwell's personal property from the residence pending a hearing.

Ms. Burkes subsequently hired counsel, William C. Barnes, Jr., to represent her in this matter. On September 23, 2013, Mr. Barnes filed an answer, admitting that a sale of the Property occurred between the parties but denying any wrongdoing by Ms. Burkes. Mr. Barnes represented Ms. Burkes during discovery. However, neither Ms. Burkes nor her counsel appeared during the deposition of Mr. Staggs, Ms. Tidwell's ex-husband.[2] The record before us contains no indication that notice was provided to either Ms. Burkes or her counsel of Mr. Staggs's deposition.

During a motion hearing ostensibly occurring on June 24, 2014, a trial date was established. The record before us does not contain any motions or notices regarding the

---

[1] The defendant is referred to in the record as both Patsy Burkes and Patsy Burks. As consistent with the final order, we will refer to defendant as Patsy Burkes throughout this opinion.

[2] The date for the deposition of Mr. Staggs was not established in the record.

June 24, 2014 hearing. A proposed order, submitted by Ms. Tidwell's counsel at trial does not specify who appeared for the motion hearing on June 24, 2014. At trial, Ms. Tidwell's counsel stated that the proposed order was sent to Mr. Barnes but that no response was received. The proposed order was never entered by the court.

On the date of trial, Ms Burkes's counsel failed to appear. Unbeknownst to Ms. Burkes, Mr. Barnes's license to practice law in Tennessee had been suspended prior to the trial date. Ms. Burkes appeared after the trial had commenced. She informed the court that (1) her attorney had ceased communication with her, (2) she was unaware of the court date until the morning of trial, and (3) she was not prepared for trial that day. At the conclusion of trial, Ms. Tidwell's counsel informed the court that he had received notice of the suspension of Mr. Barnes's law license and that he had inquired as to the status of that suspension the day before trial.[3] According to Ms. Tidwell's counsel, Mr. Barnes had not responded to correspondence since July 8, 2014. Ms. Tidwell's counsel further stated that upon receiving a text message from Mr. Barnes on the Friday before trial, "[t]hat's when we brought that to the court's attention."[4]

Upon arriving in the courtroom during opening statement by counsel for Ms. Tidwell, Ms. Burkes also explained that her friend, Mitzi Sweet, a licensed attorney, had contacted the clerk's office the previous week to inquire regarding a trial date. Ms. Burkes was under the impression that the trial date would be in December 2014. Ms. Sweet appeared later during the hearing, stating that she had passed along the incorrect December trial date to Talisa Hood and assumed that Ms. Hood has provided that information to Ms. Burkes. Ms. Sweet represented to the trial court that she may have contacted the circuit court clerk's office instead of the chancery court clerk and master's office to request the information regarding the trial date. The court inquired whether Ms. Sweet would be available to represent Ms. Burkes during trial that day. Ms. Sweet acknowledged that she would have a conflict of interest because she was friends with both the plaintiff and defendant and had spoken with both parties.

The trial court ruled that the trial would not be delayed and would instead go forward that day, despite Mr. Barnes's suspension from the practice of law and failure to appear. In so directing, the trial court found in its final order that Ms. Burkes had sufficient notice of the trial date because the matter had been set "in open court [o]n June 24, 2014, and that notice of said September 23, 2014 trial date had been sent to counsel for [Ms. Burkes]." Ms. Burkes proceeded during trial, representing herself although asserting that her additional witnesses were unavailable on that date. Following the

---

[3] The record does not specify when Ms. Tidwell's counsel received notice of Mr. Barnes's suspension from the practice of law.

[4] There is no further indication in the record regarding the content of Mr. Barnes's text message or what occurred on the Friday before trial.

presentation of proof, the court announced its decision in favor of Ms. Tidwell. The court instructed that a copy of the judgment be forwarded to Ms. Burkes personally and also to her attorney of record, Mr. Barnes. The trial court entered a final order on September 25, 2015, finding, *inter alia*, that the July 2009 Deed was "a forgery and a complete fraud and should be held as void and of no force and effect." The court also ordered that all costs in this matter, including the $2,000 fee charged by Ms. Tidwell's handwriting expert, be taxed against Ms. Burkes.

Following the trial, Ms. Burkes retained new counsel, who timely filed a motion for new trial on October 21, 2014. In the motion, Ms. Burkes asserted, *inter alia*, that (1) she was "improperly denied a continuance," (2) she was "required to go to Court without an attorney when she had engaged an attorney to represent her in this matter," and (3) "the actions of the Trial Court denied [Ms. Burkes] an effective assistance of counsel." In the response filed to the motion, Ms. Tidwell argued that the trial court's decision was proper and that the motion for new trial should be denied. On May 26, 2015, the trial court considered and denied the motion for new trial.[5] Upon Ms. Burkes's counsel's request, the trial court allowed Ms. Burkes to tender an offer of proof.

The offer of proof consisted of Ms. Burkes's testimony that she did not learn of the trial date or the suspension of Mr. Barnes's law license until the day of trial. Ms. Burkes further testified that the case had been pending for several months while "depositions and things were being taken." As Ms. Burkes explained, her former attorney never informed her of the trial date set for September 23, 2014. She only learned of the trial date approximately twenty minutes before trial was scheduled to begin and was "totally surprised." Ms. Burkes further referenced her numerous unsuccessful attempts to contact Mr. Barnes and stated that she only requested her friend, Ms. Sweet, to inquire regarding the trial date because she could not get in contact with her attorney. According to Ms. Burkes, when she was finally able to reach Mr. Barnes on his cellular telephone the day of trial, he informed her he could not be present at trial because he was with his hospitalized wife in Memphis, Tennessee. While Ms. Burkes admitted that she did not attempt to hire an attorney on the day of trial, she indicated that she would have done so had she known it was an option available to her.

Also during her offer of proof, Ms. Burkes related that she received no notice that an expert witness would be present at trial. According to Ms. Burkes, if a continuance had been granted, she would have called the following witnesses at trial: (1) Mr. Staggs, plaintiff's ex-husband, regarding signing the July 2009 Deed; (2) Linda Haddock, a bank official; (3) an insurance representative regarding the property; (4) Tammy Nutt, who had been present during execution of the July 2009 Deed; and (5) other individuals

---

[5] The trial court orally denied the motion for new trial at the time of hearing on May 26, 2015, and subsequently entered a separate order denying the motion for new trial on June 8, 2015.

concerning statements made by Ms. Tidwell regarding the title transfer. Ms. Burkes stated that her witnesses were unavailable for trial on September 23, 2014. Following the court's entry of the order on June 8, 2015, denying Ms. Burkes's motion for a new trial, Ms. Burkes timely appealed.

## II. Issues Presented

Ms. Burkes presents one issue for our review, which we have restated as follows:

1.  Whether the trial court erred by not granting a continuance and instead proceeding with a trial on the merits on September 23, 2014.

Ms. Tidwell presents an additional issue for our review, which we have similarly restated as follows:

2.  Whether Ms. Burkes waived the issue of a continuance by not presenting a more detailed offer of proof during the hearing regarding the motion for new trial.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). Questions of construction involving the Tennessee Rules of Civil Procedure are likewise reviewed *de novo* with no presumption of correctness. *See Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

A trial court's grant or denial of a continuance is reviewed under an abuse of discretion standard. *Blake v. Plus Mark, Inc.,* 952 S.W.2d 413, 415 (Tenn. 1997) ("The granting or denial of a motion for continuance lies in the sound discretion of the court."). As our Supreme Court has explained:

An abuse of discretion occurs when a court strays beyond the framework of the applicable legal standards or when it fails to properly consider the

factors customarily used to guide that discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). Discretionary decisions must take the applicable law and relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). Thus, reviewing courts will set aside a discretionary decision only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003).

*Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). A trial court's discretionary decision will be upheld unless it is clearly unreasonable. *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001). Likewise, the trial court's denial of a motion for new trial is also reviewed for an abuse of discretion. *Mohan v. Mohan*, 01A01-9708-CV-00415, 1998 WL 743332 at *2 (Tenn. Ct. App. Oct. 9, 1998) (citing *Esstman v. Boyd,* 605 S.W.2d 237, 240 (Tenn. Ct. App. 1979)).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). This court has explained the following regarding *pro se* litigants:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R.I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill.App.3d 720, 81 Ill.Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

IV.  Failure to Grant a Continuance

Ms. Burkes contends that the trial court abused its discretion by failing to grant a continuance of the trial.  Specifically, Ms. Burkes asserts that she (1) was unaware, through no fault of her own, that her attorney's license to practice law was suspended prior to the trial; (2) was denied a fair trial when she was forced to proceed *pro se* in this matter; and (3) did not have sufficient notice of the trial date.  Upon a thorough review of the record and applicable authorities, we conclude that the trial court erred in failing to order a continuance of the trial on September 23, 2014.

Continuances are governed by Tennessee Code Annotated § 20-7-101 (2009), which provides in pertinent part that continuances "may always be granted by the court, upon good cause shown, in any stage of the action."  A ruling on a motion for continuance is a matter of discretion for the trial court and will not be disturbed absent a clear showing of abuse of that discretion.  *See Tipton v. Smith,* 593 S.W.2d 298, 301 (Tenn. Ct. App. 1979).  Decisions regarding the granting or denial of a continuance are fact-specific and should be viewed in the context of all existing circumstances present at the time of the party's request for continuance.  *See Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003).  In order to prove that a requested continuance is justified, the party requesting the continuance "must supply some 'strong excuse' for postponing the trial date."  *Howell v. Ryerkerk*, 372 S.W.3d 576, 580-81 (Tenn. Ct. App. 2012) (quoting *Barber & McMurray, Inc. v. Top-Flite Dev. Corp. Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986)).  When considering a motion for continuance, the following factors are relevant to the trial court's decision:  "'(1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted.'"  *Howell*, 372 S.W.3d at 580-81 (quoting *Nagarajan*, 151 S.W.3d at 172).  Although this Court rarely interferes with a trial court's decision regarding the granting or denial of continuances, "we are constrained to do so where it is made to appear . . . that the ends of justice probably require it."  *Clark v. Jarrett*, 61 Tenn. 467 (1873); *see also Morrow v. Sneed*, 114 S.W. 201, 201 (Tenn. 1908) ("[F]orcing [the plaintiff] to trial under the circumstances worked a hardship, and was not warranted by any equitable consideration or legal necessity."); *cf. Turtle Creek Apartments v. Polk*, 958 S.W.2d 789, 791-92 (Tenn. Ct. App 1997) (affirming denial of a continuance under a distinguishable factual situation from that in *Morrow*).

In the case at bar, Ms. Burkes posits, *inter alia*, that she was not afforded proper notice of the hearing so as to be prepared to proceed on the date of trial.  According to Ms. Burkes, while her attorney, Mr. Barnes, had not been communicating with her, she incorrectly believed the trial date to be in December 2014.  The trial court determined that Ms. Burkes had sufficient notice of the trial date inasmuch as it had been scheduled

"in open court" during a motion hearing. Although the motion hearing of July 24, 2014 was referenced during trial, the record contains no motion or notice of hearing to demonstrate that such notice was provided to either Ms. Burkes or her former counsel of the motion hearing date. Further, the record is silent as to whether Ms. Burkes or Mr. Barnes was actually present for the July 24, 2014 hearing. Although a copy of an unsigned, proposed order was presented as proof that Ms. Burkes's attorney had received notice of the trial date, the proposed order does not specify who was actually present during the July 24, 2014 hearing.[6] Ms. Tidwell's counsel stated that while counsel had sent the proposed order setting the trial date to Mr. Barnes, no response had been received.

Ms. Burkes further contends that the trial court should have granted a continuance because her attorney had been suspended from the practice of law and she had no knowledge of the suspension prior to arriving in court on the date of trial.[7] The court acknowledged that Mr. Barnes remained the attorney of record at the time of trial. Plaintiff's counsel admittedly was aware of Mr. Barnes's suspension prior to the date of trial. One of plaintiff's attorneys made statements in court that plaintiff's counsel had brought the information regarding Mr. Barnes to the attention of the court on the Friday before trial.[8] Ms. Burkes, however, was not notified of this information until the date of trial.

This Court addressed a similar situation in *Barish v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, 627 S.W.2d 953 (Tenn. Ct. App. 1981), wherein the plaintiff's lawyer withdrew from the case four days prior to trial and the order of withdrawal was signed on the trial date. In *Barish*, the plaintiff requested a continuance, but the continuance was denied, such that the plaintiff was forced to proceed *pro se*. *Id.* at 954. The plaintiff offered no evidence to support her action, and the trial court dismissed her complaint. *Id.* Upon appeal, this Court remanded the case for an evidentiary hearing to determine the reasons why counsel withdrew from the case and whether the plaintiff used due diligence in seeking a new attorney prior to trial. *Id.* at 955. This Court directed the trial court to place the case back on the docket for trial if, following an evidentiary hearing, the court determined that the plaintiff was not responsible for the withdrawal of

---

[6] The proposed order references "Plaintiff's Motion to Set," but a copy of such motion is not in the record before us.

[7] Ms. Tidwell presented no evidence to contradict Ms. Burkes's testimony that she had no knowledge of Mr. Barnes's suspension prior to the date of trial.

[8] Following the court's ruling, one of Plaintiff's attorneys informed the court that (1) Mr. Barnes was Ms. Burkes's attorney of record; (2) he had received a notice that Mr. Barnes's license to practice law had been suspended; (3) that he had inquired of the status of the suspension the day before trial; (4) Mr. Barnes had not responded to correspondence since July 8, 2014; (5) Mr. Barnes had changed his address; and (5) he only received a text message from Mr. Barnes on the Friday before trial, which was "when [they] brought that to the court's attention."

her attorney and that she used due diligence in seeking new counsel prior to the trial date. *Id.*

In the instant action, Ms. Burkes was clearly not responsible for the absence of her attorney's representation (i.e., suspension of his license). Despite untimely notice of the trial date, Ms. Burkes appeared, albeit a few minutes late, in court on the date of trial to protect her interests. Ms. Tidwell presented no evidence to establish that Ms. Burkes was aware of her counsel's suspension prior to trial.[9]

Ms. Tidwell argues that although Ms. Burkes never actually requested a continuance in the matter, she was able, as a self-represented litigant, to "meaningfully and zealously argue her position" at trial. Although Ms. Burkes did not specifically speak the word "continuance" during the trial on September 23, 2014, the record demonstrates that upon her initial entry into the courtroom, the trial court informed Ms. Burkes that the court had already made the decision to go forward with the trial that day. The trial court explained as follows regarding a continuance:

> [Ms.] Burkes, I didn't realize you were here, but I want you in the courtroom. We're going to go forward with the hearing. I did not delay it based upon what I was hearing concerning [Mr.] Barnes. I elected not to delay. So we're going forward today. If you are dissatisfied in any way with the ruling, you have a time period within which you can try to set things aside.

Ms. Burkes responded to the court's ruling as follows:

> The only thing is, I did not know – I haven't heard from [Mr. Barnes], but we were told that the court date was going to be December 17th or 16th – just to check – because I hadn't heard anything.

Additionally, the following dialogue transpired at various times during the trial:

---

[9] "Where adequate time for trial preparation and notice of trial date are furnished, the proper procedure is to file an affidavit showing lack of preparation and a 'strong excuse' for changing the trial date." *Barber & McMurray Inc., v. Top-Flite Development Corp. Inc.,* 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986), perm. app. denied (Tenn. 1986); *see also* Tenn. Code Ann. § 20-7-102 (2009). In this case, Ms. Burkes did not have adequate notice to file an affidavit and motion pursuant to statute. Due to the surprise Ms. Burkes encountered on the date of trial, filing an affidavit and motion for continuance with the court was not practical in this case.

Ms. Burkes:      I haven't been able to get in touch with [Mr. Barnes].  I just heard today that he may have lost his license.

The Court:       His license is not in good order today.

* * *

Ms. Burkes:      I'm just not prepared at all.  I didn't know I was supposed to be here today.

* * *

Ms. Burkes:      I just wasn't prepared for anything.  I didn't know I was supposed to be here today . . . .

The Court:       We need to go forward now.  We've covered that issue.

Ms. Burkes:      Okay.

* * *

The Court:       All right.  [Ms.] Burkes, of course we want to give you an opportunity to testify if you wish.  You told me earlier you have no witnesses?

Ms. Burkes:      I didn't know I had to be here today so, no, I didn't.

The Court:       So now do you wish to testify?

Ms. Burkes:      Sure.

The Court:       Come on up.

Ms. Burkes:      I'm all I've got.

* * *

10

| | |
|---|---|
| The Court: | Who is your lawyer, [Ms.] Burkes? We have to certify a copy to somebody. Would that just be you? |
| Ms. Burkes: | I had a lawyer. [Mr.] Barnes was supposed to be. I've not been in touch with him, and then we called to find out the court case was in December is what I was told. I've got . . . Chris Sockwell. That's who I was going to hire. I don't have any of my witnesses here today. |
| The Court: | Let's make sure we do everything right. Is Mr. Barnes attorney of record? |
| Plaintiff's Counsel: | Mr. Barnes was the attorney of record, Your Honor. We got a notice from the Supreme Court that he had been suspended. He remained suspended – I checked as late as yesterday afternoon to make sure he was still suspended. He did not contact us. I got exhibits – letters in my file where he did not respond to correspondence as far back as July 8th when I served a subpoena on him to bring the records. He had changed his address to Cordova, Tennessee. Apparently he closed his PO box. The registered letters I sent to him came back. We did not hear from him until Friday – a brief text. That's when we brought that to the court's attention. |
| The Court: | All right. |

The mere fact that Ms. Burkes did not utter the word "continuance" does not negate the substance of her statements offered to the court. *See State v. Herron*, 461 S.W.3d 890, 905 n.13 (Tenn. 2015) (finding that a defendant had not waived an issue because he had not used specific words in his motion when the substance of the motion encompassed the issue). The clear inference drawn from Ms. Burkes's statements at trial would be that she was unprepared to proceed that day and desired a delay. We determine Ms. Tidwell's argument in this regard to be unavailing.

11

In order for a new trial to be granted, the party seeking the continuance "'must show some prejudice or surprise which arises from the trial court's failure to grant the continuance.'" *Mohan*, 1998 WL 743332 at *4 (quoting *Comm'r of Dep't of Transp. v. Hall*, 635 S.W.2d 110, 111 (Tenn. 1982)). Prejudice to the party seeking the continuance may be supported by proving that the party was "deprived of some evidence which he could have produced if the trial had been postponed." *Reagan v. McBroom*, 51 S.W.2d 995, 1000 (Tenn. 1932). As previously explained, we will "set aside a discretionary decision only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, <u>or employs reasoning that causes an injustice to the complaining party</u>." *Konvalinka,* 249 S.W.3d at 358 (emphasis added).

Having carefully considered the record in this case, we conclude that the trial court's failure to continue the case caused an injustice to Ms. Burkes. The reasons provided by the trial court when determining not to delay the trial were the presence of an out-of-state witness and the determination that Ms. Burkes had been provided sufficient notice of the trial date. The record reflects that no prior continuances had been granted. Although the record reflects that opposing counsel was aware of the circumstances concerning Mr. Barnes's status prior to trial, Ms. Burkes had no prior knowledge concerning Mr. Barnes's suspension from the practice of law. Without a continuance, Ms. Burkes was forced to proceed *pro se* without an opportunity to secure new counsel. In the absence of her witnesses, she was deprived of evidence that could have been produced if the trial had been postponed. The court's decision not to continue the case caused an injustice to Ms. Burkes by requiring Ms. Burkes to proceed with trial when she was unaware of the trial date until the morning of trial, her previously retained counsel failed to appear in court, she had no knowledge that her attorney's license to practice law was suspended prior to court, and she was surprised that she would be representing herself at trial. We determine that good cause warranting a continuance was shown by Ms. Burkes and that the ends of justice required rescheduling the trial on the merits. As such, we conclude that the trial court's judgment should be vacated and Ms. Burkes granted a new trial.

V. Waiver

We also address Ms. Tidwell's argument that Ms. Burkes waived the issue regarding the denial of a continuance by her failure to take action during the hearing regarding the motion for new trial. Generally, a party should take whatever action in the trial court that was "reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). Furthermore, a party who invites or waives an error occurring in the trial court is not entitled to relief on the basis of such error in the appellate court. *See id*; *Robertson v. Tenn. Bd. of Social Worker Certification and*

12

*Licensure,* 227 S.W.3d 7, 15 (Tenn. 2007).  Any issue not raised in the trial court is considered waived in the appellate court.  *King v. Sevier County Election Com'n*, 282 S.W.3d 37, 41 (Tenn. Ct. App. 2008).

Ms. Tidwell specifically argues that Ms. Burkes should have presented all evidence to the trial court during her offer of proof, including evidentiary testimony directly from the named witnesses.  Ms. Tidwell asserts that Ms. Burkes's failure to present such testimony should bar her from seeking relief regarding this issue.  We disagree.  During the post-trial motion hearing, Ms. Burkes presented testimony to establish that her witnesses were unavailable for trial, that she had insufficient notice of the trial date, and that she had no knowledge of her attorney's suspension prior to trial. The record before us supports Ms. Burkes's testimony.  It was not necessary for Ms. Burkes to produce each witness for purposes of an offer of proof at the hearing regarding Ms. Burkes's motion for new trial.  We determine that Ms. Burkes did not waive the issue of whether the denial of a continuance constituted an abuse of discretion.

## VI.  Conclusion

For the foregoing reasons, we vacate the judgment of the trial court and remand for a new trial on the merits.  Costs on appeal are assessed to the appellee, Jo Elaine Tidwell.

_____
THOMAS R. FRIERSON, II, JUDGE